**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 1, 2017

**BY ECF**

The Honorable William H. Pauley III
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     *United States* v. *Nelson Ramos*, 16 Cr. 315 (WHP)

Dear Judge Pauley:

The defendant in the above-captioned case is scheduled to be sentenced on March 3, 2017 at 3:30 p.m.  The Government respectfully submits this letter in connection with sentencing and in response to the defendant's submission dated February 17, 2017.  For the reasons set forth below, the Government believes that a sentence within the Guidelines range of 27 to 33 months' imprisonment would be fair and appropriate in this case.

## I.     Offense Conduct

In the early morning hours of February 17, 2016, the defendant was found in possession of a loaded, Jimenez Arms nine millimeter, Luger semiautomatic pistol containing six live rounds of ammunition (the "Firearm").  (PSR ¶¶ 5, 8).  Officers with the New York City Police Department observed individuals in the front of 1757 Story Avenue in the Bronx, heard a gunshot, ran to the rear courtyard of the building, and were directed by bystanders to the defendant, who officers observed throw the Firearm to the ground.  (*Id.*)  The Firearm was not and has never been manufactured in New York State, and the defendant has a prior felony conviction from April 2, 2013 for attempted criminal possession of a weapon in the second degree in violation of New York Penal Law § 265.03, a Class D felony.  (PSR ¶ 9-10).

## II.     The Defendant's Plea and Applicable Guidelines Range

On August 18, 2016 the defendant pleaded guilty pursuant to a plea agreement with the Government dated June 29, 2016 to Count One of Indictment 16 Cr. 315 (WHP) charging him with being a felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g).  As stipulated in the plea agreement, pursuant to U.S.S.G. § 2K2.1(a)(6), the defendant's base offense level for Count One is fourteen because he was a prohibited person at the time of the offense. (PSR ¶ 14).  After applying a two-level reduction for acceptance of responsibility

pursuant to U.S.S.G. § 3E1.1(a), the defendant's total offense level for Count One is 12. (*Id*.) Accordingly, with a Criminal History category of V, under the plea agreement, the defendant's Stipulated Guidelines sentencing range is 27 to 33 months' imprisonment. (PSR ¶ 2). The Probation Office conducted the same Guidelines analysis and arrived at the same applicable offense level and Guidelines range. (PSR ¶ 60).

### III.  Discussion

#### A.  Applicable Law

Although *United States* v. *Booker* held that the Guidelines are no longer mandatory, it also held that they remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. 543 U.S. 220, 264 (2005).  As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall* v. *United States*, 552 U.S. 38, 49 (2007).

After that calculation, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available;" (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants;" and (7) "the need to provide restitution to any victims," 18 U.S.C. § 3553(a)(1)-(7); *see Gall*, 552 U.S. at 50 & n.6.

 In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient but not greater than necessary, to comply with the purposes" of sentencing, which are:

    (A)      to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)      to afford adequate deterrence to criminal conduct;

    (C)      to protect the public from further crimes of the defendant; and

    (D)      to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

#### B.  A Guidelines Sentence Is Appropriate

The Government submits that a Guidelines sentence of 27 to 33 months' is appropriate in light of the nature and circumstances of the offense and the history and characteristics of the defendant and that such a sentence is sufficient, but not greater than necessary to comply with the purposes of sentencing. 18 U.S.C. § 3553(a).

The defendant's conduct was dangerous and put the community at grave risk.  His possession of a loaded firearm among a crowd of people was extremely harmful behavior, and accordingly, the nature and circumstances of this particular offense warrant a sentence within the Stipulated Guidelines range.

The history and characteristics of the defendant further support a Guidelines sentence in this case.  The defendant has a significant criminal history including a prior conviction in 2013 for possessing a loaded firearm under circumstances strikingly similar to the conduct in this case. (PSR ¶ 28).  In connection with the 2013 firearms offense, the defendant dropped the gun in the presence of law enforcement and fled.  (*Id.*)  The defendant was also on parole at the time of the instant offense, and his conduct demonstrates a brazen disregard for the terms of his supervision. (PSR ¶ 27).

A Guidelines sentence is further necessary to deter the defendant and protect the public from further crimes of the defendant.  The defendant's prior terms of incarceration and other criminal sanctions have not deterred his dangerous behavior.  The Government thus submits that a serious sentence is necessary to deter the defendant once and for all.

The defendant seeks a sentence of time served.  Such a sentence is woefully inadequate to achieve the goals of sentencing and accomplish Section 3553(a)'s stated objectives.  Instead, a sentence within the Stipulated Guidelines range would appropriately reflect the seriousness of the defendant's criminal conduct and meaningfully punish and deter his dangerous criminal behavior.

## IV.   Conclusion

For the foregoing reasons, the Government respectfully requests that the Court impose a sentence within the Stipulated Guidelines range of 27 to 33 months' imprisonment.


Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____

Karin S. Portlock
Assistant United States Attorney
(212) 637-1589

cc:  Paul Brenner, Esq.